

Fish & Richardson P.C.
222 Delaware Avenue
17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

302 652 5070 main
302 652 0607 fax

PUBLIC VERSION

**Douglas E. McCann**
Principal
DMcCann@fr.com
302 778 8437  direct

September 29, 2021

Hon. Maryellen Noreika
United States District Court
  for the District of Delaware
844 King Street
Wilmington, Delaware 19801

RE:   *Gilead Sciences, Inc. v. Apotex, Inc.*, **C.A. No. 20-189 (MN)**

Dear Judge Noreika:

Plaintiff Gilead Sciences, Inc. ("Gilead") brings this dispute before the Court because Defendants Cipla Limited, Laurus Labs Limited, and Natco Pharma Limited (collectively, "C/L/N") refuse to agree on reasonable start times for the remote depositions of C/L/N's witnesses located in India. Gilead is hesitant to bother the Court with what should be a simple issue hashed out between counsel. But, as discussed below, Gilead has repeatedly offered reasonable proposals, all of which have been flatly rejected by C/L/N. (*See* Ex. A (Email correspondence re: "TAF-Depositions) at 1, 16-18, 23-24.)[1]  C/L/N's insistence on the most convenient start-time for the deponents in India as opposed to reasonable start-times in the United States and India frustrates the parties' ability to effectively proceed with depositions. With less than four weeks remaining in fact discovery, and facing the option of starting numerous depositions in the middle of the night, Gilead is compelled to seek the Court's assistance.

Gilead served individual notices for the depositions of several C/L/N employees on July 29, 2021 and served corporate notices for each of C/L/N on August 6, 2021.[2]  Given the ongoing global pandemic, counsel for C/L/N requested that the parties conduct the depositions remotely. (*See id*. at 40 (August 17, 2021 em.).) Gilead agreed in principle to remote depositions but when the parties began trying to schedule the depositions, C/L/N insisted that depositions begin at 11:30 PM EDT, which is 9:00 AM IST. (*See id*.; *see also id*. at 23 (August 31, 2021 em.).) In response, Gilead explained that it was unreasonable to begin depositions shortly before midnight on the East Coast, both for the attorneys involved in the deposition, as

---

[1] All highlighting in Ex. A is added unless otherwise noted.
[2] Since Gilead served its individual notices on C/L/N, Gilead agreed to withdraw a number of individual deposition notices and corporate deposition topics related to infringement as part of C/L/N's respective stipulations of infringement. *See* D.I. 313-315.



Hon. Maryellen Noreika
September 29, 2021

well as for the court reporters and Zoom assistance personnel.  In an attempt to compromise, Gilead proposed that depositions begin at 6:00 AM EDT (3:30 PM IST), and that the depositions could proceed as long as convenient (or feasible) for the witnesses and then, if necessary, continue to the next day.  (*Id*. at 20 (September 1, 2021 em.), 24 (August 31, 2021 em.); *see also id*. at 18 (September 2, 2021 em.).)  C/L/N turned down that proposal out of hand.  (*Id*. at 23 (August 31, 2021 em.) ("If you choose not to depose them under [our] conditions, then that is your choice").)  According to C/L/N, 9:00 AM at the local time where the witness is located is the only reasonable time to start a deposition.  (*See id*.)  Gilead made several additional attempts to compromise with C/L/N, but C/L/N refused to start the depositions at any time other than 9:00 AM IST.

C/L/N's one-sided proposal, requiring Gilead to begin eight depositions at 11:30 PM EDT (9:00 AM IST), is plainly unreasonable.  There is no doubt that the preferable course is to "have a schedule in which no one has to take a deposition or have their deposition taken in the middle of the night."  (Ex. B (Civ. Minutes from *Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, 19-cv-0835-JVS-DFM (C.D. Cal. July 31, 2020) (ordering that depositions must occur such that they do not begin at 1 AM PST and remarking that "I do not think lawyers should be asked to begin a deposition at one in the morning. (After all, lawyers are people, too.).").)  The convenience of counsel, especially in the midst of a global pandemic requiring remote depositions, cannot be wholly ignored as C/L/N's position suggests.  Indeed, this District considers factors like the convenience of counsel, the spirit of which is reflected in this District's rule establishing a 6:00 PM EDT filing deadline to encourage work-life balance and predictability. (*See* October 2, 2014 Standing Order.)  Yet despite Gilead's repeated attempts to find a mutually-agreeable middle ground, C/L/N refuses to engage in any compromise.

C/L/N stands alone in its refusal to agree to reasonable start times.  There are four other defendants in this case located in India.  Gilead has worked with each of those defendants to find start times that are mutually convenient for everyone involved in the deposition.  Several other defendants agreed to start depositions early morning India time so that the start time in the United States would not be so late.  And, defendant Hetero agreed to make its witnesses located in India available at 6:30 PM IST (9:00 AM EDT).

C/L/N cannot complain that its witnesses should not expect to be deposed at times that are reasonable in the United States and India.  Each of C/L/N is a generic drug company whose business by definition involves filing Abbreviated New Drug Applications with FDA, with full knowledge that their actions will often result in litigation in the United States, and frequently in Delaware.  In this case, each of C/L/N chose to file ANDAs on one or more of Gilead's leading HIV/HBV products, and the resulting litigation can be of no surprise.  (*See id*. at 24 (August 31, 2021 em.).)  C/L/N asserted during the parties' discussions that, because C/L/N have not filed counterclaims in this District and their witness are not subject to depositions here, the depositions are not required to begin at times within US time zones.  (*See id*. at 23



Hon. Maryellen Noreika
September 29, 2021

(August 31, 2021 em.); *see also id*. at 40 (August 17, 2021 em.).)  According to C/L/N, if not for the global pandemic, the depositions would take place in India and begin during normal business hours IST.  (*See id*. at 23,)  As an initial matter, even in the absence of a global pandemic, it is not pre-determined—as C/L/N suggest—that the parties would necessarily travel to India.  The parties would instead discuss reasonable logistics and work to find an agreeable compromise for all involved.  Moreover, it was C/L/N that requested remote depositions instead of in-person depositions in India.  (*See id*. at 40 (August 17, 2021 em.).)  Gilead was willing to accommodate such a request in the interest of compromise.  But now that Gilead seeks to negotiate reasonable logistics for the remote depositions, it is C/L/N who refuse to compromise.

Other than generalized statements about witness convenience, C/L/N have not provided any meaningful basis for their unwillingness to begin depositions at 3:30 PM IST, or any other more reasonable time for that matter.  At one point, C/L/N noted that companies in India sometimes require remote depositions to take place at the office due to improved security and internet connectivity.  (*Id*. at 18 (September 2, 2021 em.).)  But despite Gilead's requests, C/L/N never confirmed that was actually the case.  (*See id*.)  C/L/N further suggested that there may be city-wide lockdowns in India that prevent offices from remaining open past normal business hours.  (*Id*.)  But C/L/N again has not confirmed whether these lockdowns are still in effect or when time curfews begin, and our independent research did not reveal any currently enforced lock-down.  (*See id*.)  Given C/L/N's failure to substantiate these excuses, and that all of the other defendants located in India have agreed to make witnesses available at varying start times despite these supposed restrictions, including as late as 6:30 PM local time, the Court should not give these excuses any weight.

Moreover, even if there were such constraints, C/L/N has not explained why their witnesses cannot reasonably begin the deposition on a workday at 3:30 PM IST and continue until it is no longer feasible (whether due to fatigue, lockdowns, or otherwise) and then, if necessary, resume the following day.  C/L/N has yet to offer any explanation as to why Gilead's proposal is impractical, other than to broadly assert that their witnesses prefer a different time.

C/L/N's unwavering position that depositions must begin at 11:30 PM EDT has left the parties at an impasse.  Gilead therefore respectfully requests that the Court order the depositions of C/L/N's witnesses to begin at or around 6 AM EDT (3:30 PM IST), to proceed until the witness needs to stop, and, if necessary, continue the following day.



Hon. Maryellen Noreika
September 29, 2021

Respectfully submitted,

*/s/ Douglas E. McCann*

Douglas E. McCann (No. 3852)

cc:     Defendants Cipla Limited, Laurus Labs Limited, and Natco Pharma Limited (By Email)